## Moll *v.* Llompart.

Apelación procedente de la Corte de Distrito de San Juan.

No. 640.—Resuelto en mayo 31, 1911.

Divorcio—Alimentos Provisionales—Derecho de Opción del Alimentista.—El derecho de opción que tiene el alimentista de acuerdo con el artículo 218 del Código Civil Revisado, no es un derecho absoluto e inflexible, y la oferta que haga el marido de atender a las necesidades de su esposa en su propia casa puede ser rehusada cuando razones de orden legal, moral, o social impidan su aceptación, o cuando exista causa razonable justificada para rechazar aquella oferta.

Id.—Elementos Característicos del Abandono.—El abandono de un cónyuge por el otro supone separación permanente de tálamo y habitación por voluntad del último y denegación por parte del mismo de los auxilios debidos al otro cónyuge. La mujer está obligada a seguir al marido donde quiera que fije su residencia, y se entenderá que deja de seguirle voluntariamente, sino constare que hay algún motivo que le impida hacerlo así. La voluntad firme y decidida de uno de los cónyuges, de no convivir con el otro cónyuge cumpliendo los deberes que como tal le imponen la ley natural y la civil, sostenida esa voluntad por más de un año, constituye el abandono que como causa de divorcio señala el artículo 164 del Código Civil.

Id.—Abandono—Voluntad Decidida y Firme de los Cónyuges—Tiempo del Abandono.—El abandono que como causa de acción de divorcio reconoce el artículo 164 del Código Civil, no solamente debe durar por un término mayor de un año, sino que debe estar acompañado de circunstancias tales que demuestren la voluntad decidida y firme de uno de los cónyuges de separarse del otro cónyuge y romper el vínculo matrimonial existente entre ambos, y si de las pruebas del caso no aparecieren justificados los extremos a que se refiere el párrafo anterior, la demanda de divorcio debe ser desestimada.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. Antonio Sarmiento.*

Abogado de El Pueblo: *Sr. Jesús M. Rossy, Fiscal.*

La parte apelada no compareció.

EL JUEZ ASOCIADO SR. MACLEARY, emitió la opinión del tribunal.

El presente es un caso de divorcio fundado en abandono. Un caso idéntico entre las mismas partes fue resuelto por este tribunal en 28 de marzo de 1906. Habiendo el esposo interpuesto apelación contra la sentencia dictada por la corte de distrito, ésta fué confirmada. No se presentó ninguna exposición del caso de la cual pudiera la corte de apelación llegar a resolver la cuestión de si la corte sentenciadora había cometido error en la apreciación de la prueba, según alegó el apelante, por lo que esta corte en su opinión fué de parecer, de que la corte inferior dictó su sentencia de conformidad con los hechos que fueron probados en el juicio.

La demanda en este caso fué presentada el día 28 de abril de 1910, alegando el demandante en dicha demanda los hechos siguientes:

"Que el día 19 de mayo de 1903, contrajo matrimonio el demandante con la demandada; que desde el momento de la celebración del matrimonio la demandada se separó del demandante, con el que no ha vivido nunca después de aquel acto; que solicitados por la demandada alimentos al demandante, éste optó porque los recibiera en la casa del demandante, lo que no ha sido aceptado por la demandada; que en 22 de enero de 1906, la demandada abandonó a su marido con el deliberado propósito de no vivir con él, trasladándose a Santo Domingo donde permaneció hasta la presentación de esta demanda."

La demandada negó todas las alegaciones de la demanda, menos la primera y segunda, y en su lugar alegó que el demandante abandonó a la demandada desde el momento de la celebración del matrimonio, sin que hasta la fecha se haya vuelto a ocupar de ella; y que como el demandante la tenía abandonada tuvo que irse a vivir con una hermana, la cual trasladó su domicilio a la República de Santo Domingo, yéndose con ella la demandada, pues no contaba con otros recursos para su subsistencia.

En 2 de septiembre de 1910, considerando la corte de distrito que la ley y los hechos estaban a favor de la demandada, declaró sin lugar la demanda de divorcio, imponiendo las costas al demandante. Contra esa sentencia el demandante estableció recurso de apelación.

Durante el juicio resultaron probados los siguientes hechos:

"Que la demandada tuvo un hijo del demandante que nació en 14 de marzo de 1903. Denunció al demandante por seducción y la causa terminó porque se casaron y se sobreseyó el caso; y tan pronto como el matrimonio se celebró el demandante abandonó a la demandada no habiendo vivido con su marido desde entonces. La demandada entabló una demanda contra el demandante por alimentos, que no tuvo resultado alguno porque hizo ver en la corte que quería vivir con la demandada; y aunque dijo en la corte que se avenía a alimentarla en su casa, nunca la informó de tal cosa; la demandada estuvo en su oficina antes de salir para Santo Domingo, con el fin de conocer su determinación con respecto a ella, contestándole el demandante que podía hacer lo que quisiera, pues no tenía obligación alguna para con ella; que esas manifestaciones se las hizo en el año 1906, cuando se disponía a salir para Santo Domingo, y en formas muy malas; que estando la demandada en tales condiciones se vió obligada a marcharse a Santo Domingo con su hermana."

También presentó el demandante como prueba la carta que le escribiera su esposa, la que no fué objetada por la parte contraria, y es como sigue:

"Sr. D. Sebastián Moll: Tus propósitos de conseguir nuestro divorcio han quedado completamente frustrados, y como no has conseguido lo que te proponías, he tomado la resolución de salir de esta isla con la firme idea de no volver a ella por largo tiempo. Nada existirá entre nosotros y nunca al menos en mucho tiempo volveré a tener que sufrir el pesar de tu presencia. Salgo de mi patria y mucho tiempo pasará antes de que nuestras miradas puedan cruzarse. Dios haga que no te sea devuelto todo el mal que me has hecho. María Llompart de Moll."

El demandante declaró como sigue:

"Que la demandada no fué a su oficina a verle, y jamás ha hecho ninguna gestión para ir a la casa del demandante a vivir con él."

A preguntas de la defensa de la demandada dijo:

"Que cuando contrajeron matrimonio él no la llevó a vivir consigo porque ella se negó; que después que salieron del juzgado no hizo ninguna gestión para que su esposa fuera a vivir con él después de la negativa que ella le dió, solamente cuando ella pidió alimentos que entonces le dijo que viniera a vivir con él; que después de la fecha en que el demandante dice estaba dispuesto a llevar a su esposa a su lado, de darle alimentos a su lado, no hizo gestiones para procurar que su esposa fuera a vivir con él, habiendo muerto el niño antes de la celebración del matrimonio; que la demandada no fué donde él antes de marchar a Santo Domingo, y se fué a vivir con sus hermanas después del matrimonio y allí estuvo hasta que se fué para Santo Domingo."

Deberá notarse que la prueba es contradictoria en algunos particulares. A pesar de esto, y no obstante la regla general de que a falta de pasión, parcialidad o prejuicio por parte de la corte inferior, o error manifiesto en la resolución del caso, debemos considerar los hechos declarados probados por la corte inferior como definitivos; hemos examinado cuidadosamente toda la prueba y llegado a igual conclusión que la corte inferior, o sea, que no existe preponderancia de prueba con respecto al abandono en favor del demandante, habiendo éste dejado de probar su caso.

El apelante funda su apelación en cuatro proposiciones de ley que son en substancia como siguen:

"1º. Que la corte cometió error al no tener en cuenta, con infracción del artículo 71 de la Ley de Evidencia, la fuerza probatoria de la certificación de la secretaría de la corte de distrito, que acredita que el peticionario estuvo dispuesto a recibir en su casa a su esposa cuando ésta solicitó alimentos provisionales.

"2º. La corte también cometió error al no considerar el valor probatorio de los documentos privados, con infracción del número 2 del artículo 101, de la Ley de Evidencia, no considerando como conclusión

concluyente del deliberado propósito de·la demandada· de abandonar a su esposo la·carta·que còn·su·hermana·envió·a dicho esposo. · ·····

"3°. La corte no hizo uso de la ·discreción jurídica de acuerdo con las reglas de evidencia e infringió el artículo 16̇2 de dicha ley en relación con el 68 de la misma ley, no apreciando la prueba testifical en cuanto ésta demuestra que Doña María Llompart abandonó·a su marido, y·que este abandono ha durado·mucho·más de un año. . . . , .

· "4°. La corte inferior infringió con·su sentencia el número·5 del artículo 164 del Código Civil, no concediendo el divorcio solicitado·por el demandante, cuando·toda la evidencia comprueba que Da. María Llompart ha abandonado a ·su·esposo con el ·deliberado·propósito de no vivir con·él, cuando·dispuesto éste a recibirla en su domicilio y alimentarla, ella no ha aceptado ·sus .proposiciones marchándose a Santo Domingo." . : .:.···,·, ·· ( · · · · .. ··

El·abogado del apelante .hizo un informe oral·en·el acto de la vista.

El apelado no presentó ningún alegato en este caso, ni estuvo representado durante la vista de dicho caso·. · ··

El·Fiscal·compareció·e hizo un·informe·oral, presentando un alegato escrito; como sigue·: · · ·

"Que .este caso, es idéntico.al que·se resolvió.por este tribunal el día 28 de marzo de 1̇906, entre·las·mismas partes, siendo ,los hechos casi iguales, y sólo se alega como 'materia nueva, la ausencia de la esposa demandadạ a la vecina isla 'de Santo Domingo, desde donde ha realizado actos que revelan su propósito firme de abandonar a su esposo. La cuestión legal 'es la·misma que la·que se ·planteó en el juicio de divorcio promovido anteriormente por el mismo demandante; es decir, el abandono por parte de la mujer; no hay un solo testigo que declare de modo categórico acerca del propósito de la Sra. Llompart de no volver a reunirse nunca con su marido, ni se encuentra una sola prueba de alguna otra clase que venga a sostener esa intención de la señora· demandada. La única prueba que pudiera tener alguna importancia en este caso, es la carta escrita por la Sra. Llompart a su esposo antes de salir de esta isla; y esa carta más bien que una· declaración terminante de· ese propósito, parece una recriminación, y aunque en ella dice que no volverá a Puerto Rico por largo tiempo, no concreta·cuanto ha de durar ese tiempo ni se expresa· tampoco que haya ninguna intención por parte de ella de abandonar a su esposo. El·hecho de la separación de estas dos personas está perfectamente

explicado. Este matrimonio fué la consecuencia de un proceso por seducción seguido contra el Sr. Moll, por denuncia de la que es hoy su esposa; las partes contrajeron matrimonio y después de celebrado éste el demandante se marchó y la abandonó. Cuando el pleito sobre alimentos provisionales fué resuelto, la demandada no tuvo conocimiento de la notificación que su marido hizo a la corte de que estaba dispuesto a recibirla en su propia casa, a ella nada se le dijo, ni existió después ningún acto por el que el Sr. Moll demostrase que esa fuera su intención, de donde se deduce que él jamás hizo ninguna gestión en tal sentido. Esta Hon. Corte tiene ya muy bien establecida la doctrina aplicable al caso y ella se encuentra en el caso de *Sebastián Moll Romaní* v. *María Llompart,* divorcio, fallado en 28 de marzo de 1906. Por tales razones debe confirmarse la sentencia dictada en este caso por la corte de distrito, con las costas al demandante."

Examinemos los cuatro errores que han sido alegados por el apelante como motivos en los cuales se funda la revocación de la sentencia contra la cual se ha interpuesto esta apelación.

1°. Que la corte dejó de dar el debido valor probatorio a la certificación del secretario de la corte de distrito, que acredita que el demandante en el pleito seguido contra él por su esposa, por alimentos provisionales, estuvo dispuesto a recibirla y proporcionarle lo que necesitase en su domicilio, cuya omisión de la corte sentenciadora fué una infracción del artículo 71 de la ley de evidencia. De una ligera lectura de este artículo se verá que el hecho de que el demandante hiciera tal oferta ha sido probado solamente *prima facie* por la certificación. Puede ser que la otra prueba presentada en el caso, destruyera *prima facie* esta prueba a satisfacción de la corte inferior. Hay bastante motivo para dudar de la buena fe con respecto a esta oferta hecha por el demandante, pues verdaderamente él nunca la comunicó a la demandada, ni la invitó a hacer vida marital con él, y cuando ella fué a verle a su oficina la recibió groseramente, no habiendo mostrado ninguna clase de bondades para con ella. No podemos decir que la corte inferior cometiera error al considerar esta certificación; y principalmente por no aparecer en los autos una copia del propio certificado.

2°. Que la corte, con infracción del artículo 101 de la Ley de Evidencia, no prestó debida consideración a la fuerza probatoria de la carta que la demandada escribió al demandante, cuando se disponía a salir para Santo Domingo. Esta carta, que se ha copiado anteriormente, no expresa que la demandada tratara de abandonar a su marido, ni puede inferirse tal intención de su contenido. Es más bien una queja por el abandono y un motivo para salir de la isla, lo que tuvo que hacer en busca de su subsistencia.

El 3°. y 4°. error pueden ser considerados conjuntamente.

3°. Que la corte inferior abusó de su discreción judicial con infracción de los artículos 162 y 68 de la Ley de Evidencia, al no prestar debida consideración tanto a la prueba documental como a la testifical, la que muestra que la demandada abandonó a su marido, por mucho más de un año.

4°. Que la corte infringió el artículo 164 del Código Civil al no conceder el divorcio fundado en abandono. No es necesario citar estos artículos de nuestros estatutos. De una simple lectura de los mismos se verá que la corte inferior no dejó de tener presente dichos artículos, y a nuestro juicio interpretó dichas secciones correctamente, aplicándolos a la prueba del caso al negar el divorcio.

Este pleito se funda según hemos dicho, en el supuesto abandono del marido, que es el demandante, por su esposa, la demandada. Según nuestra opinión; de la prueba no aparece tal abandono. Si ha existido algún abandono por parte de uno de los esposos fué el del marido que abandonó a su esposa. Aparece de los autos que las partes vivieron juntos antes de contraer matrimonio, de cuya unión nació un niño que ya murió; que se siguió una causa contra el demandante por seducción por denuncia que presentara la mujer, lo que dió por resultado el casamiento entre las partes que se celebró en el juzgado. Que el hombre quedó libre al contraer matrimonio marchándose a su casa sin solicitar de su esposa que lo acompañara y dejándola en donde se encontraba al terminarse la ceremonia. En estas circunstancias, ella no

podía desde luego hacer otra cosa sino regresar a la casa de su familia en donde vivía con sus hermanas. El marido y su esposa nunca han vivido juntos.

Poco tiempo después del matrimonio, estableció la demandada una demanda contra su esposo en solicitud de alimentos provisionales. Solicitaba en la misma la suma de $20 mensuales para su subsistencia, concediéndole la corte la suma reclamada. Pero el demandado, su esposo, alegó su derecho de conformidad con la ley, de alimentarla en su propia casa. La orden sobre alimentos fué modificada reconociéndose en ella el derecho alegado por el esposo. Pero parece que aunque esta oferta fué hecha ante la corte nunca en verdad fué comunicada a la esposa, apareciendo de todas las circunstancias de los autos que tal oferta fué hecha únicamente para eludir la sentencia de la corte. No consta que la esposa fuera jamás invitada a hacer vida marital con su esposo. Alega además la demandada que el demandante no tenía su propio hogar sino que vivía con su madre y hermanas, las que no eran amigas de la demandada y con las que no hubiera querido vivir, aún cuando hubiera sido invitada para ello. (Art. 218 del Código Civil de P. R.)

La oferta del marido de atender a las necesidades de su esposa en su propia casa, puede ser rehusada cuando razones de orden legal, moral o social impidan su aceptación, o cuando exista causa razonable justificada para rechazar aquella oferta. Según doctrina del Tribunal Supremo de España consignada en sentencia de 5 de julio de 1901, "el derecho de opción que el artículo 149 del Código Civil Español (218 del Código Civil de Puerto Rico) concede al obligado a prestar alimentos para satisfacerlos, abonando la pensión o recibiendo y manteniendo en su propia casa al alimentista, no es absoluto e inflexible, sino que se halla subordinado a la doble condición de que el deudor por tal concepto tenga casa o domicilio propio, y de que no exista estorbo alguno legal o moral para que el acreedor se traslade a ella, y reciba en la misma el conjunto de ventajas o socorros, así naturales

como civiles, que se comprenden en la acepción jurídica de la palabra alimentos, pues faltando cualquiera de esas condiciones, la elección se hace imposible de hecho o de derecho, y la obligación alimenticia tiene necesariamente que cumplirse en la primera de las formas indicadas.'' En igual sentido se pronuncian las autoridades americanas. (Véase el tomo 21 de Cyc.; pág. 1150.)

La cuestión nueva en este caso en la cual se dice que consiste la diferencia de este pleito y el anterior seguido por las mismas partes, es la carta que la demandada escribió al demandante cuando se marchaba con su hermana para Santo Domingo. Aun cuando se interpretara esa carta en el sentido más favorable para el demandante, tomada en conexión con los otros hechos contenidos en el récord, no constituye prueba suficiente del abandono, en el sentido en que se usa en la ley de divorcio.

Para justificar un divorcio por abandono deberá este ser como se determina en el caso de *Moret* v. *Vázquez,* 5 Dec. de P. R., 487. En ese caso este tribunal dijo: ''El abandono de un cónyuge por el otro supone permanente separación de tálamo y habitación por voluntad del último y denegación por parte del mismo de los auxilios debidos al otro cónyuge. La mujer está obligada a seguir al marido donde quiera que fije su residencia, y se entenderá que deja de seguirlo voluntariamente, si no constare que hay algún motivo que le impida hacerlo así. La voluntad firme y decidida de uno de los cónyuges, de no convivir con el otro cónyuge cumpliendo los deberes que como tal le imponen la ley natural y la civil, sostenida esa voluntad por más de un año, constituye el abandono que como causa de divorcio señala el artículo 164 del Código Civil.'' (*Moret* v. *Vázquez,* 5 Dec. P. R., pág. 488.)

Si en el presente caso la esposa jamás ha demostrado aversión alguna a vivir con su marido, o a cumplir con el deber que tiene de seguirlo, sin embargo, aparece de los hechos de este caso una buena razón para no haberlo hecho así. Ella declara que antes de salir para la vecina isla de

Santo Domingo, fué. a la oficina de su esposo a conocer sus deseos con el supuesto fin de atenderlos, resultando inútiles sus esfuerzos.   La conducta de la esposa, desde el matrimonio según aparece de los autos, es intachable, no pudiendo decirse igual cosa con respecto al marido.

El caso de Moret, en el que se define lo que constituye abandono, ha sido aprobado y el término ha sido aún más explicado por esta corte en el caso de *Vázquez* v. *García,* 7 Porto Rico Reports, página 406.   En esa opinión se declara, en efecto, que: ''El abandono que como causa de divorcio reconoce el artículo 164 del Código Civil, no solamente debe durar por un término mayor de un año, sino que debe estar acompañado de circunstancias tales que demuestren la voluntad decidida y firme de uno de los cónyuges de separarse del otro cónyuge y romper el vínculo matrimonial existente entre ambos.   Si de las pruebas del caso no aparecieran justificados los extremos a que se refiere el párrafo anterior, la dedemanda de divorcio debe ser desestimada.''

*Vázquez* v. *García,* 7 Decisiones de Puerto Rico, 406.

Según consta de los autos presentados en este caso, la Sra. Moll jamás ha mostrado ''una voluntad decidida y firme de separarse para siempre de su marido y romper el vínculo matrimonial existente entre ambos.''   Hay sobrados motivos para creer que ella hubiera vivido con su esposo en cualquier casa que según sus condiciones él le hubiera podido proporcionar, si para ello hubiera adoptado las debidas diligencias.

Puesto que en este caso como en aquéllos a que hemos hecho referencia, según las circunstancias, no aparece el abandono que la ley exige, no puede decretarse el divorcio.   De todos los hechos probados, así como de la ley aplicable a los mismos, después de considerar completamente todas las razones presentadas, debe confirmarse la sentencia dictada por la corte inferior.

*Confirmada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf y del Toro.

El Juez Asociado Sr. Aldrey, no tomó parte en la resolución de este caso.