CAPIFALI, ETC., DEMANDANTE Y APELADA, *v.* LLOVERAS, DEMANDADO Y APELANTE.

No. 3358.—*Visto:* Noviembre 7, 1924.  *Resuelto:* Noviembre 28, 1924.

ALIMENTOS—EXCEPCIÓN PREVIA—DEMANDA SUFICIENTE.—Expresando la demanda sobre alimentos que la madre demandante los reclama en nombre de su hija y para ésta por el parentesco que une a la niña con el padre demandado, no puede concluirse que constituyó error el declarar sin lugar una excepción previa basada en que la madre estaba reclamando para sí durante el divorcio.

ID.—ID.—ID.—DOMICILIO DEL DEMANDADO.—No puede concluirse que una demanda no alega el domicilio del demandado cuando en ella se alega que éste es sargento del ejército de los Estados Unidos destacado en San Juan, en cuyo distrito fué entablada la demanda.

ID.—DERECHO DEL ALIMENTISTA A ELEGIR.—Un alimentista que no ofrece dar los alimentos ''en su propia casa'' al que tiene derecho a recibirlos, sino en la casa de su padre y hermanos, carece del derecho a elegir que le concede el artículo 218 del Código Civil.

ID.—ID.—Cuando el cónyuge inocente demanda alimentos para el hijo cuya patria potestad conserva, habiéndole sido concedida por la sentencia de divorcio, el padre demandado no puede hacer uso del derecho a elegir que le concede el artículo 218 del Código Civil.

SENTENCIA de *Charles E. Foote,* J. (Primer Distrito, San Juan), declarando con lugar la demanda, con costas. *Confirmada.*

*C. Honoré,* abogado del apelante; *F. Acosta Velarde,* abogado de la apelada.

EL JUEZ ASOCIADO SEÑOR ALDREY, emitió la opinión del tribunal.

La niña Agatha Lloveras Capifali quedó bajo la patria potestad de su madre legítima Ricarda Capifali por sentencia dictada en el pleito de divorcio que siguió contra su es-

poso Santiago Lloveras. Posteriormente, cuando la niña tenía nueve años de edad, la madre en representación de su dicha hija demandó a Santiago Lloveras alegando que ella carece de recursos para sostener y educar a su hija, que el padre de la niña tiene $185 mensuales de sueldo y otras entradas y pidió que el demandado fuese condenado a pagar a su hija como alimentos la cantidad de $75 mensuales. Contestó Lloveras alegando que su única entrada es un sueldo de $175.50 que queda reducido a $57.50 porque tiene que sostener a su padre y a varias hermanas con $100 mensuales, y en reconvención alegó que está dispuesto a educar y sostener a su hija teniéndola en un colegio acreditado y "sosteniéndola viviendo en el hogar de su padre y señoritas hermanas" y citó el artículo 218 del Código Civil que dice lo siguiente:

"El obligado a prestar alimentos podrá, a su elección, satisfacerlos, o pagando la pensión que se fije, o recibiendo y manteniendo en su propia casa al que tiene derecho a ellos."

Por esas alegaciones y cita legal solicitó Lloveras de la corte que la demanda fuese declarada sin lugar y con lugar su reconvención disponiéndose que su hija reciba los alimentos "en la casa de su padre y hermanas." La sentencia condena al demandado a pagar a su hija como alimentos la cantidad de $50 mensuales, sin disponer que los reciba como se solicita en la reconvención, por lo que el demandado interpuso esta apelación.

Alega el apelante en su recurso que fué error de la corte inferior el haber desestimado la excepción previa que opuso a la demanda de alimentos pero no nos detendremos en esta cuestión porque la demanda claramente expone que la madre hace la reclamación en nombre de su hija y para ésta por el parentesco que la niña tiene con el demandado, por lo que Ricarda Capifali no está reclamando para ella misma durante el divorcio, como alega el apelante. Y en cuanto a que la demanda no alega el domicilio del deman-

dado, nos bastará decir que en ella se consigna que el demandado es sargento del ejército de los Estados Unidos destacado en San Juan, en cuyo distrito fué presentada la demanda.

El segundo error se funda en dos motivos: en que la preponderancia de la evidencia demuestra la carencia de recursos del apelante para pagar la pensión decretada y en que tiene derecho a satisfacer la pensión acordada dándola en su casa por la elección que le permite hacer el artículo 218 del Código Civil.

Hemos examinado la evidencia que se presentó en el juicio y estamos convencidos por ella de que la cantidad fijada como alimentos por la corte inferior es proporcionada a los recursos del apelante.

Veamos el otro aspecto del segundo motivo de error. El derecho de elección concedido por el artículo 218 citado no es absoluto e inflexible según declaró este tribunal en el caso de *Moll* v. *Llompart,* 17 D.P.R. 701, en el que citando la sentencia del Tribunal Supremo de España de 5 de julio de 1901, 92 J. C. 48 se dice lo siguiente: "el derecho de opción que el artículo 149 del Código Civil Español (218 del Código Civil de Puerto Rico) concede al obligado a prestar alimentos para satisfacerlos, abonando la pensión o recibiendo y manteniendo en su propia casa al alimentista, no es absoluto e inflexible, sino que se halla subordinado a la doble condición de que el deudor por tal concepto tenga casa o domicilio propio, y de que no exista estorbo alguno legal o moral para que el acreedor se traslade a ella, y reciba en la misma el conjunto de ventajas o socorros, así naturales como civiles, que se comprenden en la acepción jurídica de la palabra alimentos, pues faltando cualquiera de esas condiciones, la elección se hace imposible de hecho o de derecho, y la obligación alimenticia tiene necesariamente que cumplirse en la primera de las formas indicadas." 'En igual sentido se pronuncian las autoridades ame-

ricanas. Véase el tomo 21 de Cyc., pág. 1150.' '' Igual principio ha sido aplicado por el Tribunal Supremo de España en sus sentencias de 31 de enero de 1902 (93 J. C. p. 128); 11 de mayo de 1897 (81 J. C. p. 950); 25 de noviembre de 1899, (88 J. C. p. 402), y 5 de diciembre de 1903, (96 J. C. p. 798.)

De acuerdo, pues, con esa jurisprudencia y especialmente con las palabras de la ley que concede al que ha de dar los alimentos el derecho de recibir y mantener en su **propia** casa al que tiene derecho a los alimentos, el apelante carece del derecho de elección porque tanto por las alegaciones de su reconvención como por la prueba resulta que no recibiría a la alimentista en su propia casa.

Además como cuestión de derecho tampoco puede el apelante ejercitar en este caso la elección que autoriza el citado artículo porque habiendo sido concedida a la madre la **patria potestad** sería contrario a la ley el derecho de elección en este caso porque la madre quedaría privada de esa patria potestad. En un caso análogo al presente el **Tribunal Supremo de España** en su sentencia de 25 de noviembre de 1899, Jurisprudencia Civil, tomo 88, página 402, dice que ''condenado el abuelo a satisfacer alimentos a sus nietos, la pretensión del mismo de llevar a éstos consigo separándolos de su madre haría imposible para ésta el ejercicio de los derechos de patria potestad, y no sería lógico ni racional subordinarlos al de opción cuando legalmente pueden conciliarse con una de las formas de prestación de alimentos, o sea pagando la pensión señalada.''

En cuanto a la imposición de costas a que se refiere el tercer motivo de error alegado, no creemos que exista dada la actitud del demandado.

*La sentencia apelada debe ser confirmada.*

El Juez Asociado Sr. Wolf firmó: ''Conforme con la sentencia.''