Carmen Sacarello, demandante y apelada, *v.* Ricardo Rubio, demandado y apelante.

No. 6129.—*Sometido:* Enero 12, 1933. *Resuelto:* Abril 18, 1933.

*González Fagundo & González Jr.*, abogados del apelante; *R. H. Blondet*, abogado de la apelada.

EL JUEZ PRESIDENTE SEÑOR DEL TORO, emitió la opinión del tribunal.

Versa este pleito sobre alimentos. Carmen Sacarello, alegando haber obtenido sentencia firme de divorcio y haber hecho gestiones cerca del que fué su esposo, Ricardo Rubio, para que la proveyera de los medios necesarios para subsistir, sin resultado, y alegando además que Rubio contaba con medios de fortuna que le producían rentas líquidas por suma no menor de cuatrocientos dólares mensuales, pidió a la corte que dictara sentencia condenándolo a pasarle una pensión alimenticia de ciento cincuenta dólares cada mes.

Excepcionó el demandado la demanda y declaradas sin lugar las excepciones la contestó insistiendo en ellas y negando que la demandante hubiera gestionado cerca de él la prestación de alimentos y que tuviera una renta de cuatrocientos dólares mensuales. Afirmó que la renta que por concepto de toda su herencia materna recibía ascendía a $264.66 mensuales. Como defensas especiales reprodujo lo afirmado en cuanto a la renta que percibía y alegó que existían actualmente pendientes varias acciones civiles contra él ante las Cortes de Distrito de Humacao y San Juan; que no ejercía profesión ni oficio lucrativo alguno y que la demandante era una mujer joven, fuerte y hábil para el trabajo, habiendo trabajado en distintas ocasiones como dependiente de comercio en San Juan.

Trabada de tal modo la contienda, la demandante pidió a la corte que incluyera el pleito en un calendario especial que había de leerse el 29 de enero, 1932. Así se hizo acordándose seguir el caso por los trámites del juicio de desahucio, celebrándose la primera comparecencia con asistencia de am-

bas partes y señalándose la segunda para el 2 de febrero siguiente.

El demandado, por medio de nuevos abogados, pidió la suspensión de la vista señalada para febrero 2, mostrándose conforme con su petición la demandante. Hecho el nuevo señalamiento, el demandado, el 17 de febrero, 1932, presentó una moción que en lo pertinente dice:

"Que en este caso se presentó la demanda por el procedimiento ordinario señalado por el Código de Enjuiciamiento Civil, y a pesar de eso se señaló una primera comparecencia para el día 29 de enero en la cual comparecieron las partes y ofrecieron prueba.

"Que ahora se ha señalado este caso para el 19 del corriente, sin haber sido incluído en el Calendario y sin cumplir las reglas vigentes en cuanto a esta materia.

"Que los alimentos en este caso se reclaman al amparo del artículo 109 del Código Civil (1930) y por lo tanto ésta es una cuestión que debe ventilarse dentro del pleito de divorcio, ya que de acuerdo con los artículos 142 y siguientes del Código Civil la demandante no tendría derecho a alimentos.

"Que por las consideraciones anteriormente expuestas esta Corte no tiene jurisdicción para oír y resolver este caso y menos en la forma en que se han llevado estos procedimientos."

A esa moción se opuso la demandante como sigue:

"Que es cierto que en este caso se presentó la demanda por el procedimiento ordinario señalado por el Código de Enjuiciamiento Civil, pero que por convenio del abogado de la demandante con los abogados entonces del demandado, se señaló una primera comparecencia para la cuestión de la prueba y se señaló fecha para la segunda comparecencia.

"Que dicha segunda comparecencia se dejó sin efecto por acuerdo de los abogados actuales del demandado y de la demandante.

"Que los abogados del demandado se sometieron al procedimiento sumario para resolver este caso, asistiendo a la primera comparecencia, ofrecieron prueba con el demandado también conjuntamente y de acuerdo con la demandante y no hicieron ninguna objeción legal en dicho momento, que era el momento oportuno, a que se les siguiera el procedimiento sumario.

"Que esta acción ha sido iniciada, tomando como base los preceptos del Código Civil establecidos en los artículos 177, 212 R. y si-

guientes y la jurisprudencia de los casos Morales v. Rivera, 8 D.P.R. 466, Puigdollers vs. Monroig, 14 D.P.R. 782 y Capifali vs. Lloveras, 33 D.P.R. 804.''

La moción fué declarada sin lugar y el pleito resuelto finalmente en contra del demandado por sentencia que lo condenó a pagar a la demandante una pensión alimenticia mensual de setenta y cinco dólares. Y es contra esa sentencia que se interpuso por el demandado el presente recurso de apelación, señalándose la comisión de cinco errores que estudiaremos y resolveremos conjuntamente. La principal objeción que se hace es al procedimiento seguido. Se insiste en que debió haberse presentado una moción dentro del pleito de divorcio y no iniciarse una acción independiente.

■■ Conocemos lo ocurrido. Se archivó una demanda y el demandado la excepcionó y contestó, sometiéndose a la jurisdicción de la corte. Se inició el pleito por la vía ordinaria, pero antes del juicio se le llevó a los trámites del desahucio, señalándose la primera comparecencia a la que concurrieron las partes y formularon su prueba.

A nuestro juicio no existió error. Lo que las partes y la corte hicieron fué ajustar la tramitación del asunto a lo que prescribe el Título VII, Capítulo único, Alimentos Provisionales, Artículo 84 de la Ley de Procedimientos Legales Especiales de 1905, a saber: ''Toda reclamación sobre alimentos provisionales se tramitará en la forma prescrita para el juicio de desahucio.''

La circunstancia de que el título del pleito fuera el de ''Alimentos Permanentes'', no era un obstáculo. El título no cambia la naturaleza de la cosa. Y la naturaleza de los alimentos es siempre provisional o transitoria, mientras subsiste la situación que lleva a la corte a concederlos.

■ Parece que la parte apelante estima que en un caso como éste a no ser que la cuestión se suscite por moción dentro del pleito mismo de divorcio, la corte perdería su jurisdicción para alterar luego la sentencia que dictara, si lo exigieran las circunstancias que concurran. Basta lo dicho an-

teriormente para resolver que no es así. Bien se decida el caso por moción, ya siguiendo el trámite del juicio de desahucio o el del procedimiento ordinario, la corte conserva su facultad para juzgar de nuevo el asunto a virtud de la nueva situación que puedan crear las circunstancias que surjan en el futuro.

Desde 1908 resolvió esta Corte Suprema en el caso de *Puigdollers* v. *Monroig,* 14 D.P.R. 782, copiando del resumen, lo que sigue:

"La acción de alimentos provisionales debe regirse en su principio y presentación de pruebas por las reglas establecidas para la acción de desahucio, según lo dispone el artículo 84 de la Ley de Procedimientos Especiales, de marzo 9 de 1905.

"La corte de distrito que asigna una pensión alimenticia tiene jurisdicción para revocarla o modificarla, cuando de acuerdo con el artículo 177 del Código Civil las circunstancias lo justifiquen, y esto puede pedirse por medio de una moción en el pleito principal, sin que sea necesario entablar una demanda para ese objeto.

"La asignación de alimentos provisionales no produce nunca excepción de 'cosa juzgada' sino que la parte vencida en juicio puede siempre abrir de nuevo el caso."

Diez años después el marido suscitó de nuevo la cuestión en la corte de distrito y fué oído y se juzgó su caso de acuerdo con las circunstancias entonces concurrentes. No conforme apeló para ante esta Corte Suprema, que decidió el recurso, como sigue. Copiamos del resumen.

"Habiéndose solicitado por el demandado que se revocara la pensión alimenticia a que fué obligado, por haber llegado a hacerse innecesaria, previo el estudio de la prueba aportada, *se resolvió:* que la suma señalada de $50 para alimentos a la demandante, no guarda proporción con los recursos del demandado y las necesidades de la que fué su esposa, y, por tanto, que lejos de reducirse o dejarse sin efecto la pensión debe aumentarse hasta cubrir la suma de $75, la cual no excede de la tercera parte de la renta de los bienes del demandado." *Puigdollers* v. *Monroig,* 26 D.P.R. 310.

No es ya la jurisprudencia, es la propia ley la que expresamente determina la revocabilidad de la pensión alimen-

ticia en estos casos. Párrafo segundo del artículo 109 del Código Civil, Ed. 1930.

■ Resuelta la cuestión de procedimiento, estudiemos la de fondo. La corte sentenciadora se basó para declarar con lugar la reclamación de la mujer divorciada en este caso en las alegaciones en las pruebas y en la ley.

La ley que regula la materia es terminante. Basta referirse a ella sin comentario alguno. Está contenida en el citado artículo 109 del Código Civil, Ed. 1930. Lee como sigue:

"Si la mujer que ha obtenido el divorcio no cuenta con suficientes medios para vivir, la corte de distrito puede asignarle alimentos discrecionales de los bienes que sean de la propiedad del marido sin que pueda exceder la pensión alimenticia de la tercera parte de la renta de aquéllos."

"La pensión alimenticia será revocada si llegase a hacerse innecesaria, o cuando la mujer divorciada contrajese segundo matrimonio."

Hemos examinado la evidencia y demuestra claramente a nuestro juicio que la mujer no cuenta en este caso con suficientes medios para vivir y que el marido tiene bienes de fortuna, entre ellos tierras arrendadas que le producen una renta líquida de $264.76 mensuales, no excediendo, por tanto, la pensión alimenticia de $75 mensuales fijada por la corte de la tercera parte de la renta por ese solo concepto percibida.

Para ser más exactos parece conveniente agregar que el demandado asistió a la segunda comparecencia pero se abstuvo de practicar evidencia sosteniendo que la corte no tenía jurisdicción. Sus propias palabras al comenzar a introducir la demandante su evidencia presentando copia certificada de la sentencia de divorcio, fueron:

"Sr. González Fagundo: Señor Juez: Nosotros consecuentes con la cuestión que hemos levantado a la corte nos oponemos a la admisión de esa prueba porque entendemos que esta Corte no tiene jurisdicción para conocer de este pleito porque cualquier cuestión que surja después de la sentencia de divorcio, debe ventilarse dentro del pleito de divorcio."

Ya hemos resuelto que la corte actuó con plena jurisdicción, y con el consentimiento expreso del demandado por sus primeros abogados que asistieron a la primera comparecencia y se avinieron a que el pleito se juzgara por los trámites del juicio de desahucio, agregaremos ahora. Además, aunque en la segunda comparecencia el demandado por medio de sus nuevos abogados adoptó la actitud que hemos indicado, que repitió cada vez que se introducía un documento o se presentaba un testigo, es lo cierto que intervino en el juicio varias veces. Citaremos una, copiando de la transcripción de evidencia:

"¿Dónde se encuentra su esposo en la actualidad?—En Colombia. —¿No está en Puerto Rico,—No, señor.—¿Está en viaje de negocios? —Paseando.—Demandado: Eso es inmaterial. Pido la eliminación.— Juez: Se elimina."

*Debe declararse sin lugar el recurso y confirmarse la sentencia apelada.*