ALFREDO MELÉNDEZ, peticionario, *v.* TRIBUNAL SUPERIOR DE PUERTO RICO, SALA DE SAN JUAN, HON. JOAQUÍN CORREA SUÁREZ, JUEZ, demandado.

Número 2089.

*Sometido:* 3 de noviembre de 1954. *Resuelto:* 30 de noviembre de 1954.

*Juan Nevares Santiago,* abogado del peticionario; *Guillermo Bauzá,* abogado de la interventora.

EL JUEZ ASOCIADO SEÑOR PÉREZ PIMENTEL emitió la opinión del Tribunal.

En marzo de 1950 la anterior Corte de Distrito de Humacao dictó una sentencia, que se convirtió en firme, condenando a Alfredo Meléndez a pasar a su esposa Gloria O'Neill y su hija Eileen Meléndez una pensión alimenticia de $100 mensuales.

En enero de 1953 Alfredo Meléndez interpuso acción de divorcio contra su esposa Gloria ante la misma corte,([1]) por la causal de separación, y luego de una solicitud al efecto, dicha acción fué trasladada a la Sala de San Juan del Tribunal Superior. Declarada sin lugar una moción para desestimar se le concedió término a la demandada para contestar y no habiéndolo hecho, se anotó su rebeldía y luego de celebrarse una vista el Tribunal Superior dictó sentencia decretando el divorcio entre las partes y condenando al demandante a pasar a su hija menor de edad Eileen Meléndez una pensión alimenticia de $40 mensuales.([2])

En 22 de septiembre de 1953, cuando ya era firme esta sentencia, la demandada radicó una moción titulada "Moción sobre Reconsideración de Pensión Alimenticia". En esta moción solicitaba del tribunal que dejara sin efecto su orden fijando una pensión alimenticia de $40 mensuales para su hija Eileen y en su lugar dejara en toda su fuerza y vigor la sentencia dictada por la Corte de Distrito de Humacao en el caso de alimentos. Fundó dicha moción en que (1) el demandante venía obligado a cumplir la sentencia dictada por la Corte de Distrito de Humacao fijando la pensión alimenticia en $100 mensuales, y (2) "que la demandada no tiene bienes de fortuna de clase alguna con que mantenerse, y la pensión que ha fijado este tribunal no es suficiente para cubrir sus necesidades." La corte señaló la vista de esta moción para el día 13 de noviembre de 1953 y dicho señalamiento fué notificado a las partes. Por razones que no aparecen de los expedientes elevados a este Tribunal, dicha vista no se celebró en la fecha señalada([3]) y sí el día 20 del mismo mes y año, a la cual compareció la demandada y no así el de-

---

([1]) Sala de Humacao del Tribunal Superior de Puerto Rico.

([2]) El art. 107 del Código Civil, según fué enmendado por la Ley núm. 112 de 25 de abril de 1950—Leyes de ese año, pág. 289—dispone que al dictar la sentencia de divorcio el juez proveerá lo que fuere pertinente con respecto a los alimentos de los hijos menores de edad.

([3]) En una moción de reconsideración presentada por el demandante y a la cual nos referimos más adelante en el cuerpo de esta opinión, se alega que los señalamientos hechos para el día 13 de noviembre fueron suspen-

mandante. Del expediente del caso no aparece que el demandado fuera notificado en forma alguna de tal señalamiento.

En 23 de noviembre de 1953 el Tribunal Superior, Sala de San Juan, dictó una resolución, cuya parte dispositiva lee así:

"Analizada la prueba, la corte entiende que debe reconsiderar su sentencia en lo referente a la pensión alimenticia, y a tales efectos, conforme a la sentencia dictada en el caso Civil núm. R-5171 del Tribunal Superior de Humacao, antes mencionado, ordena al demandante Alfredo Meléndez, para que a tenor con dicha sentencia, continúe pasando a la demandante, Gloria O'Neill, una pensión alimenticia de cien dólares ($100.00) para el mantenimiento de su menor hija, Eileen Meléndez O'Neill."

En 9 de diciembre de 1953, la corte, motu proprio, dictó una llamada "Resolución Enmendada" en los mismos términos que la resolución original reconsiderando la sentencia de divorcio, a excepción de que esta vez ordenó que la pensión de $100 fuera satisfecha a partir del mes de agosto de 1953, o sea, desde la fecha de la sentencia de divorcio.

Días después el demandante solicitó del tribunal que reconsiderara su resolución de 23 de noviembre y se oyera su prueba en una vista señalada a ese fin. Fundó tal solicitud en que no había sido notificado del señalamiento hecho para el día 20 de noviembre. El tribunal no dió curso a esta moción del demandante y la resolvió con un "No ha lugar".

Como el demandante depositaba en corte únicamente la cantidad de $40 mensuales, fué citado por desacato a solicitud de la demandada. En una extensa resolución de 12 de marzo de 1954, otro juez del mismo tribunal, resuelve el incidente de desacato decretando (1) que el demandante no había incurrido en desacato; (2) que el demandante venía obligado a cumplir la orden del tribunal de pasar $100 mensuales a la demandada desde el mes de agosto de 1953, y no $40 como lo venía haciendo; (3) señaló fecha para la vista de la moción

didos porque en dicho día se celebraría una reunión de jueces con el Juez Presidente de este Tribunal Supremo. Esta misma razón para la suspensión de las vistas señaladas para el día 13 de noviembre, la consigna en una resolución otro juez quien también intervino en el caso.

de reconsideración presentada por el demandante y que había sido denegada con un "no ha lugar" por otro juez y (4) que se declararía al demandante incurso en desacato si a partir de la fecha en que quedara firme esa resolución "no deposita el complemento de la cantidad de los cien dólares que dejó de pasar desde el mes de marzo a disposición de la demandada y su hija".

Para revisar las resoluciones antes indicadas, expedimos un auto de *certiorari*.

 La titulada "Moción sobre Reconsideración de Pensión Alimenticia" presentada por la demandada no era en realidad una moción sobre reconsideración de sentencia pues de haberlo sido no procedía debido a que para la fecha de su radicación ya la sentencia de divorcio era firme y el término que tenía la demandada para pedir la reconsideración de la misma había expirado. Art. 292 del Código de Enj. Civil según fué enmendada por la Ley núm. 67 de mayo 8 de 1937 (Leyes de 1936–37, pág. 199). Sin embargo, la demandada en representación de su hija menor, no estaba impedida de solicitar en cualquier momento la modificación de la sentencia de divorcio en cuanto a su pronunciamiento sobre la pensión alimenticia y la corte tenía facultad para así decretarlo si las circunstancias lo justificaban. *López* v. *Benítez*, 64 D.P.R. 282. Esto es así porque la naturaleza de los alimentos es siempre provisional o transitoria, mientras subsiste la situación que lleva a la corte a concederlos. *Sacarello* v. *Rubio*, 44 D.P.R. 883. Pero del contexto de la indicada moción de la demandada se desprende que su solicitud iba dirigida a obtener alimentos tanto para su hija como para ella. A este efecto alegó en la referida moción que "la demandada [Gloria O'Neill] no tiene bienes de fortuna de clase alguna con que mantenerse y la pensión que ha fijado este Tribunal no es suficiente para cubrir sus necesidades". Suplicó entonces de la corte que dictara una orden dejando en toda su fuerza y vigor la sentencia dictada antes del divorcio por la Corte de Distrito de Humacao en el caso de alimentos. A pe-

sar de no haber sido la demandada la que obtuvo el divorcio, éste se decretó por la causal de separación, y la corte podía por tanto, asignarle alimentos discrecionales, de los ingresos, rentas, sueldos o bienes que sean de la propiedad del marido si ella no cuenta con suficientes medios para vivir conforme lo dispone el art. 109 del Código Civil. (4)

Nada hemos encontrado en la ley o en nuestras decisiones que no permita la tramitación de tal reclamación por parte de la mujer divorciada mediante moción dentro del propio caso de divorcio. En *Sacarello* v. *Rubio,* supra, la mujer divorciada entabló acción independiente de alimentos contra el que había sido su esposo. El demandado atacó la jurisdicción de la corte alegando que la reclamación debía tramitarse mediante moción dentro del pleito de divorcio y no en una acción independiente. No prevaleció su contención. Sin embargo, nada dijo este Tribunal en dicho caso que indique la improcedencia de una moción dentro del pleito de divorcio para reclamar alimentos. (5) En verdad no conocemos razón alguna por la cual no pueda seguirse tal procedimiento.

---

(4) El art. 109 del Código Civil según fué enmendado por la Ley núm. 90 de 5 de mayo de 1948 ((1) pág. 203) dispone:

"Artículo 109.—Si la mujer que ha obtenido el divorcio no cuenta con suficientes medios para vivir, la corte de distrito podrá asignarle alimentos discrecionales de los ingresos, rentas, sueldos o bienes que sean de la propiedad del marido, sin que pueda exceder la pensión alimenticia de la cuarta parte de los ingresos, rentas o sueldos percibidos.

"Si el divorcio se ha decretado por la causal de separación, la mujer podrá solicitar los alimentos a que se refiere el párrafo anterior, si no cuenta con medios suficientes para vivir.

"La pensión alimenticia será revocada si llegase a hacerse innecesaria, o cuando la mujer divorciada contrajese segundo matrimonio, o cuando viva en público concubinato u observare vida licenciosa."

(5) Del lenguaje usado en el caso de *Sacarello* v. *Rubio,* supra, quizás podría inferirse lo contrario. Se dijo en dicho caso:

"Parece que la parte apelante estima que en un caso como éste a no ser que la cuestión se suscite por moción dentro del pleito mismo de divorcio, la corte perdería su jurisdicción para alterar luego la sentencia que dictara, si lo exigieran las circunstancias que concurran. Basta lo dicho anteriormente para resolver que no es así. Bien se decida el caso por moción, ya siguiendo el trámite del juicio de desahucio o el del procedimiento ordinario, la corte conserva su facultad para juzgar de nuevo el asunto a virtud de la nueva situación que puedan crear las circunstancias que surjan en el futuro." (44 D.P.R. págs. 886-7.)

Ahora bien, aparentemente la corte recurrida no dió a la moción de la demandada el alcance que indicamos sino que por el contrario entendió que ella estaba solicitando la modificación de los alimentos asignados a su menor hija. De ahí que en su "Resolución Enmendada" ordenara al demandante que a tenor con la sentencia de alimentos dictada por la corte de distrito de Humacao "continúe pasando a la demandante (sic) Gloria O'Neill una pensión alimenticia de cien dólares ($100) mensuales pagaderos mensualmente a partir de agosto de 1953, para el *mantenimiento de su menor hija, Eileen Meléndez O'Neill.*" (Bastardillas nuestras.)

Es claro el error cometido por la corte a quo al ordenar que el demandante continuara cumpliendo con la sentencia de alimentos dictada por la Corte de Distrito de Humacao. La demandante en dicha acción, Gloria O'Neill, estando casada con el aquí peticionario, solicitó y obtuvo alimentos para ella y su hija. La suma global de $100 mensuales fué concedida para ambas y no para la hija solamente. La sentencia de alimentos no determina qué parte de esa cantidad corresponde a la madre y qué parte a la hija. De todos modos, una parte correspondía a Gloria O'Neill como cónyuge del aquí peticionario. Pero una vez decretado el divorcio, dicha sentencia, en cuanto a la cantidad que correspondía a la cónyuge, dejó de tener eficacia legal. Esto es así porque los alimentos de la mujer casada, en su carácter de cónyuge, y los que se conceden a la mujer que ha obtenido el divorcio, no se rigen por las mismas disposiciones legales. Los alimentos de la cónyuge están regulados por los arts. 142 y siguientes del capítulo titulado "De los Alimentos entre Parientes" del Código Civil ([6])

---

([6]) A continuación copiamos algunos de los artículos pertinentes:

"Artículo 142.—Se entiende por alimentos todo lo que es indispensable para el sustento, habitación, vestido y asistencia médica, según la posición social de la familia.

"Los alimentos comprenden también la educación e instrucción del alimentista, cuando es menor de edad.

"Artículo 143.—Están obligados recíprocamente a darse alimentos, en toda la extensión que señala el artículo precedente:

"1. Los cónyuges.

mientras que los de la mujer divorciada se rigen por el art. 109 del mismo código. ([7]) Una comparación de estas disposiciones demuestra que tanto las circunstancias bajo las cuales existe el derecho a los alimentos como la cuantía de los mismos varían en uno y otro caso. ([8]) Una vez disuelto el vínculo matrimonial por el divorcio legalmente obtenido, cesa la obligación que bajo el art. 143 tienen los cónyuges de darse alimentos recíprocamente. Sin embargo, el art. 109 faculta a la corte para conceder alimentos discrecionales de los bienes del marido, a la mujer que ha obtenido el divorcio bajo las circunstancias y en la medida establecidas en dicho artículo. En consecuencia, si la mujer que ha obtenido el divorcio necesita que se le señalen alimentos discrecionales de los bienes del marido deberá reclamarlos bien mediante moción dentro del propio caso de divorcio o en una acción independiente. Este derecho de la mujer divorciada nace una vez decretado el divorcio y no antes. Por eso es erróneo ordenar en la acción de divorcio que una vez roto el vínculo ma-

---

"2. Los ascendientes y descendientes legítimos.

"3. Los padres y los hijos legitimados y los descendientes legítimos de éstos.

"4. Los padres y los hijos ilegítimos y los descendientes legítimos de éstos.

"5. El adoptante y el adoptado, salvo lo dispuesto en el artículo 136.

"Los hermanos deben también a sus hermanos legítimos, aunque sólo sean uterinos o consanguíneos, los auxilios necesarios para la vida, cuando por un defecto físico o moral, o por cualquiera otra causa que no sea imputable al alimentista, no puede éste procurarse su subsistencia. En estos auxilios están en su caso, comprendidos los gastos indispensables para costear la instrucción elemental y la enseñanza de una profesión, arte u oficio.

"Artículo 146.—La cuantía de los alimentos será proporcionada a los recursos del que los da y a las necesidades del que los recibe, y se reducirán o aumentarán en proporción a los recursos del primero y a las necesidades del segundo."

([7]) Véase escolio 4, antes.

([8]) Nótese que los cónyuges están obligados recíprocamente a darse alimentos en toda la extensión que señala el art. 142, y que según hemos visto, comprenden todo lo que es indispensable para el sustento, habitación, vestido y asistencia médica, según la posición social de la familia mientras que después de disuelto el vínculo matrimonial por divorcio solamente la mujer tiene derecho a alimentos discrecionales, y éstos no se dan en toda su amplitud sino que están limitados a la cuantía señalada en el art. 109.

trimonial el marido continúe cumpliendo una sentencia de alimentos dictada a favor de la mujer en otra acción cuando todavía las partes estaban casadas. La mujer divorciada deberá no solamente establecer su reclamación de alimentos en la forma ya dicha sino que también deberá justificar las circunstancias que bajo el art. 109 le dan derecho a ellos. Es tan elemental el principio de que al marido debe dársele la oportunidad de ser oído en relación con esa reclamación de mujer divorciada, que no nos detendremos en su examen.

█ █ Pero aún si consideráramos la moción de la demandada como una solicitud para que se modificara la pensión alimenticia concedida a su hija, aumentando su cuantía, el demandante aquí peticionario, debió tener igual oportunidad de ser oído en relación con tal solicitud. Como la cuantía de los alimentos será proporcionada a los recursos del que los da y a las necesidades del que los recibe—art. 146 del Código Civil—su fijación envuelve una cuestión de hecho. Una adjudicación de hecho bajo estas circunstancias, sin concederse al alimentante la oportunidad de ser oído, violaría claramente la cláusula del debido procedimiento de ley. De los autos ante nos se desprende que esa oportunidad le fué negada al peticionario. Él fué notificado de la vista señalada para el día 13 de noviembre pero no fué notificado del señalamiento hecho para el día 20 del mismo mes, fecha en que se celebró la indicada vista, y como consecuencia de la cual la corte dictó su primera resolución aumentando la pensión de $40 a $100 mensuales. Las gestiones realizadas por el peticionario, para que se dejara sin efecto esa resolución y otra posterior enmendatoria de la primera, hasta tanto se le oyera, resultaron infructuosas. Posteriormente fué citado por desacato y al resolver el incidente, otro juez de la misma corte, reconoció que había confusión en cuanto a la sentencia que el allí demandante venía obligado a cumplir y le exoneró de responsabilidad. Sin embargo, a pesar de que en los autos no hay constancia alguna de que el demandante fuera notificado del señalamiento hecho para el día 20 de noviembre,

544

según alegó reiteradamente, este otro juez dejó en vigor las resoluciones originales en virtud de las cuales la pensión alimenticia fué aumentada a $100 mensuales. Al así actuar también incurrió en error.

*Por todas las razones expuestas procede anular, como ahora se anulan, las resoluciones de 23 de noviembre y 9 de diciembre de 1953 y la de 12 de marzo de 1954 dictadas por la corte recurrida en el caso CS–53–662, debiendo continuarse en el tribunal recurrido los procedimientos que no sean inconsistentes con esta opinión.*

Los Jueces Asociados Sres. Negrón Fernández y Ortiz no intervinieron.