FERMÍN C. CASIANO NAZARIO, peticionario, *v.* TRIBUNAL SUPERIOR DE PUERTO RICO, SALA DE SAN JUAN, HON. EDNA ABRUÑA RODRÍGUEZ, JUEZ, demandado; PROVIDENCIA MORALES RODRÍGUEZ, interventora.

*Número:* O-71-207    *Resuelto:* 4 de mayo de 1973

*Ángel L. Tapia Flores,* abogado del peticionario; *Carlos A. Todd* y *Octavio Jiménez,* abogados de las interventoras.

PER CURIAM: Providencia Morales demandó a su marido Fermín Casiano en acción de divorcio por la causal de trato cruel. El demandado se allanó a la demanda y el tribunal de instancia la declaró con lugar. Mediante este recurso el demandado impugna la imposición que *motu proprio* le hizo el tribunal de pagarle $35.00 semanales a la demandante por concepto de alimentos. Señala que ni por vía de las alegaciones, ni mediante moción en el pleito de divorcio, ni en acción separada la demandante solicitó del tribunal la concesión de alimentos.

Se cometió el error señalado. Como hemos dicho antes, la mujer divorciada no tiene un derecho *per se* a recibir alimentos. Tiene derecho a recibirlos cuando (1) emerge como cónyuge inocente del pleito de divorcio, (2) demuestra que no cuenta con medios suficientes para vivir y (3) establece que su ex-marido cuenta con ingresos o rentas o sueldos o bienes suficientes para ayudarla. *Fenning* v. *Tribunal Superior,* 96 D.P.R. 615, 621 (1968).

Hecha la petición de alimentos en la demanda, o por moción en el pleito de divorcio, o mediante acción separada y establecido lo antes dicho, el tribunal de instancia tiene discreción para considerarlos y establecer la cuantía. Esta no puede exceder de la cuarta parte de los ingresos, rentas o sueldos percibidos. Art. 109 del Código Civil; 31 L.P.R.A. sec. 385. Pero para ello es indispensable oir al ex-marido que ha de pagar los alimentos, o por lo menos darle la oportunidad de ser oído sobre ese extremo. Claro está, el demandado puede consentir a los alimentos o éstos se pueden estipular por las partes. No es necesario sostener una batalla legal sobre eso. Pero, en ausencia de ese consentimiento o de estipulación al efecto, como dijimos, hay que oir al demandado o darle la oportunidad de ser oído. *Meléndez* v. *Tribunal,* 77 D.P.R.

535, 543 (1954); *Ramírez* v. *Tribunal*, O-69-111, Sentencia de 20 agosto 1969. Por eso, es mejor que los incidentes de alimentos se discutan y se adjudiquen, siempre que sea posible, en el mismo pleito de divorcio.

*Se dictará sentencia revocando aquella parte de la sentencia recurrida que condena al peticionario a pagar alimentos, sin perjuicio de que la demandante presente una moción dentro de este mismo caso solicitando los alimentos, hecho lo cual el tribunal de instancia deberá celebrar una vista para oir a las partes sobre la procedencia y cuantía de los alimentos, teniendo en cuenta la necesidad de la demandante y la capacidad económica y necesidades del demandado, para que resuelva sobre el particular lo que corresponda.*