# 96 DTA 68

## TRIBUNAL DE CIRCUITO DE APELACIONES
## CIRCUITO REGIONAL DE CAGUAS, HUMACAO Y GUAYAMA

CARMEN L. PRATTS GONZALEZ
Demandante-Recurrida

v.

ISRAEL MENDOZA HERNANDEZ
Demandado-Recurrente

Núm. KLCE-95-00630

San Juan, Puerto Rico, a 30 de abril de 1996

Panel integrado por su presidente, el Juez Amadeo Murga
y los Jueces Delgado Hernández y Rodríguez García

### TEXTO COMPLETO DE LA RESOLUCION

El presente caso trata de una solicitud de *certiorari* para revisar una orden dictada y notificada por el Tribunal de Distrito, Sala de Humacao, en 18 de octubre de 1994. Dicha orden declara No Ha Lugar una Moción de Relevo de Resolución.

Las partes en esta controversia, son Carmen L. Pratts González, demandante e Israel Mendoza Hernández, demandado. La petición de *certiorari* ante nuestra consideración fue presentada en el Tribunal Superior, Sala de Humacao en 10 de noviembre de 1994. Según señalamos en nuestra Resolución del día 26 de octubre de 1995, la jurisdicción en este caso es de este Tribunal. Véase, art. 9.004 de la Ley de la Judicatura de 1994, Ley Núm. 1 de 28 de julio de 1994 y Orden Administrativa Núm. XIII del Juez Presidente del Tribunal Supremo del 23 de enero de 1995.

Luego de analizar el expediente del caso y el Derecho aplicable, denegamos el auto. Nos explicamos.

### I

El día 7 de febrero de 1994 se disolvió el vínculo matrimonial existente entre las partes en este

caso, por la causal de trato cruel, contra Israel Mendoza Hernández. Más tarde, en 12 de julio se celebró vista en el presente caso, para dilucidar una Moción Solicitando Pensión Alimenticia, presentada por Carmen Pratts González en el Tribunal de Distrito, Sala de Humacao. Mediante resolución de dicho tribunal firmada en 15 de julio, se fija el pago de una pensión alimenticia de $94.50, ▇ cantidad sumamente razonable, a Israel Mendoza Hernández en favor de Carmen Pratts González.

En dicha resolución el tribunal asevera que a la vista comparecieron ambas partes representadas por sus respectivos abogados. Además afirma que *"[o]bra en autos Planillas de Información Personal y Económica rendida por ambas partes. **Las partes estipularon someter el asunto en consideración por los documentos que obran en autos"***. (Enfasis nuestro). Luego de analizar esta información el tribunal adjudica el monto de la pensión en este caso.

Más adelante, en 6 de septiembre de 1994 Israel Mendoza Hernández presenta una Moción de Relevo al amparo de la Regla 49.2 de las de Procedimiento Civil, 32 L.P.R.A., Ap.III, R.49.2 ▇ Alegando que *"en la imposición de pensión alimenticia a favor de la Sra. Carmen L. Pratts González, se violentaron los derechos constitucionales al debido procedimiento de ley, y su imposición no fue conforme a derecho, en vista de que la demandante nunca desfiló prueba, ni el Honorable Tribunal recibió prueba para generar ingresos de la demandante y por tanto no probó tener un derecho a una pensión alimenticia ex-cónyuge"*. El tribunal la declaró No Ha Lugar en 18 de octubre de 1994, por lo que se recurre en *certiorari* ante nos.

El recurrente alega que pocos días antes de presentar esta moción es que adviene en conocimiento de la resolución donde se le impone el pago de alimentos. Esto debido a que se encontraba *"fuera de la jurisdicción"* por estar en entrenamiento militar en el Campamento Santiago de Salinas y que por esa razón su abogado no pudo comunicarse con él. Finalmente alega que debido a ésta situación es que no pudo radicar la solicitud de reconsideración al amparo de la Regla 47 ▇ de las de Procedimiento Civil, *supra*, en el término que dispone dicha regla.

En la petición de *certiorari* se señalan los siguientes errores al tribunal de instancia:

Primero, erró al disponer de una solicitud de alimentos ex-cónyuge, sin previamente hacer una determinación judicial de incapacidad para generar ingresos de la solicitante mediante la celebración de una vista evidenciaria [sic], en que esta,[sic] mediante prueba testifical o pericial probara su incapacidad para generar ingresos."

Segundo, *"al declarar NO HA LUGAR a la solicitud al amparo de la Regla 49.2, cuando esta [sic] procedía en virtud de la existencia de un manifiesto error jurídico del Tribunal"*.

## II
Nuestro ordenamiento jurídico designa las instancias donde procede solicitar alimentos entre parientes. También se establece quién debe alimentar y hasta qué extremo. 31 L.P.R.A. sec. 561 a 570. Se define el término alimentos como todo lo que es indispensable para el sustento, habitación, vestido y asistencia médica, según la posición social de la familia; incluyendo la educación e instrucción del alimentista cuando es menor de edad. Art. 142 del Código Civil de Puerto Rico, 31 L.P.R.A. sec. 561.

Los cónyuges están obligados recíprocamente a darse alimentos. Art. 143 del Código Civil de Puerto Rico, 31 L.P.R.A., sec. 562. *Melendez v. Tribl. Superior,* 77 D.P.R. 535, 541 (1954). Mientras que el derecho de una persona a recibir alimentos de su ex-cónyuge procede de otro artículo y está condicionado a que se cumplan los requisitos allí establecidos. Art. 109 del Código Civil de Puerto Rico 31 L.P.R.A. sec. 385. Dicho artículo fue enmendado recientemente por la Ley Núm. 25 de 16 de febrero de 1995. ▇ Pero no es de aplicación a esta controversia dado que la enmienda entra en vigor en una fecha posterior a esta reclamación.

El artículo 109, antes de su enmienda establece tres requisitos para conceder alimentos a un ex-cónyuge. Primero, que la persona ▇ que haya obtenido el divorcio (sea cónyuge inocente); segundo, no cuente con medios suficientes para vivir; tercero, el tribunal podrá asignarle alimentos

discrecionales de los ingresos, rentas, sueldos o bienes que sean de la propiedad del alimentante, sin exceder de una cuarta parte.

Dicha petición de alimentos puede hacerse en la demanda de divorcio, o por moción en el pleito de divorcio o mediante acción separada. *Casiano v. Tribunal Superior,* 101 D.P.R. 327, 328 (1973). Indistintamente de cuál sea el momento en que se haga la petición, al alimentante hay que darle la oportunidad de ser oído.

Por otro lado, la Regla 49.2 de las de Procedimiento Civil, *supra*, provee para que previa moción presentada, se releve a una parte del efecto de una sentencia, orden o procedimiento. Mediante esta regla, también conocida como Moción·de Relevo, se permite al tribunal reabrir el caso o solamente modificar parte de la sentencia, orden o resolución. ▉ Este mecanismo procesal post-sentencia tiene una gran importancia dado que *"... si bien la Regla 49.2 no es una llave maestra para reabrir a capricho un pleito ya adjudicado, el inciso 6 de dicha Regla es amplio para permitir que se corrija un error a todas luces injusto".* Sucn. *Bravo v. Srio. de Hacienda,* 106 D.P.R. 672, 675 (1978).

En su obra nos señala el autor Cuevas Segarra: ▉

*"La moción de relevo de sentencia no procede como sustituto del recurso de apelación o revisión. Es decir, levantar por vía la Regla 49.2 cuestiones substantivas que procedía levantar antes de la sentencia como defensas afirmativas, o después en un recurso de revisión. Rodríguez v. Tribunal Superior, 102 D.P.R. 290, 298 (1974) (Per Curiam); Tiedel v. Beech Aircraft Corp., (1987).*

*El Tribunal Supremo tampoco tiene jurisdicción para revisar una moción de relevo de sentencia que entienda en determinaciones de hechos del tribunal sentenciador que equivaldría a revisar la sentencia final y firme dictada, González v. Chávez, 103 D.P.R. 474, 476 (1975) (Negrón García). La Regla 49.2 no fue establecida para conceder remedio contra una sentencia u orden errónea de un tribunal, Ibid; Builders Ins. Co. v. Tribunal Superior,* 100 D.P.R. 401, 404 (1972) (Martín), porque la regla se refiere a errores de la parte y no a errores del tribunal. *Banco Popular v. Tribunal Superior,* 82 D.P.R. 242, 249 (1961) (Santana). (Énfasis nuestro)

### III

El primer error señalado estriba en la alegación de que Instancia tenía que celebrar una vista evidenciaria donde la reclamante mediante prueba testifical o pericial probara su incapacidad para generar ingresos. Este error no se cometió dado que las partes en esta controversia estuvieron presentes junto con sus respectivos abogados en una vista. En la misma tuvieron la oportunidad de plantear sus respectivas posiciones y refutar las del contrario. Por lo que no ha habido violación al debido procedimiento de ley.

En adición, de acuerdo a la Resolución del Juez de Instancia con fecha de 15 de julio de 1994, en dicha vista las partes estipularon someter el asunto en consideración por los documentos que obran en autos. Entiéndase que los documentos a que se refiere el Juez de Instancia son las Planillas de Información Personal y Económica sometidas voluntariamente por ambas·partes.

De otra parte, Israel Mendoza Hernández, aquí peticionario, alega que no pudo enterarse a tiempo de la resolución en controversia. A su vez alega que su abogado no pudo comunicarse con él para informarle de la misma. Esto debido a que estaba fuera de la jurisdicción por encontrarse en un campamento militar en Salinas. Resulta inverosímil el hecho de que el abogado de Mendoza Hernández no se pudiera comunicar con él para notificarle de la resolución.

Estas son alegaciones insuficientes que no eximen a Mendoza Hernández de haber cumplido con los términos de la Regla 47 de las de Procedimiento Civil, *supra*. Tampoco justifican la concesión del remedio excepcional que provee la Regla 49.2, *supra*, ya que ésta no puede usarse como sustituto del recurso de apelación o revisión. Mendoza Hernández está impedido de utilizar la Regla 49.2 para atacar una resolución de la cual no pidió reconsideración a tiempo, o para conceder un remedio por un *"error jurídico del tribunal".*

Además Mendoza Hernández estuvo presente, junto con su abogado en la vista donde se

sometieron las planillas de las dos partes en esta controversia. En ese momento ambas partes estipularon someter el asunto a la consideración del tribunal con los documentos que obran en autos. Era esa la oportunidad perfecta para Mendoza Hernández objetar el hecho de que Carmen Pratts necesitara una pensión alimenticia.

Por los fundamentos antes expuestos, denegamos el auto.

Lo acordó y manda el Tribunal y lo certifica la Secretaria General.

Regístrese y notifíquese.

Sonia Pacheco Román
Secretaria General

**ESCOLIOS 96 DTA 68**

**1.** En su resolución el tribunal de instancia le concede $150.00 mensuales. Pero le resta a esa cantidad $55.50 que corresponde al pago del 50% de $111.00, lo cual es el monto de la hipoteca del hogar que ocupa Carmen Pratts González. Dicha deuda aunque es ganancial, es pagada en su totalidad por Israel Mendoza Hernández.

**2.** La Regla 49.2 dispone en su parte pertinente:

*"Mediante moción y bajo aquellas condiciones que sean justas, el tribunal podrá relevar a una parte o a su representante legal de una sentencia, orden o procedimiento por las siguientes razones:*

*(1) Error, inadvertencia, sorpresa, o negligencia excusable;*

*(2).......................*

*(3).......................*

*(4).......................*

*(5).......................*

*(6) Cualquier otra razón que justifique la concesión de un remedio contra los efectos de una sentencia.*

*..........................."*

**3.** Dispone la Regla 47, en lo pertinente:

*"La parte adversamente afectada por una resolución, orden o sentencia podrá, dentro del término de quince (15) días desde la fecha de la notificación de la resolución u orden o desde la fecha del archivo en los autos de una copia de la notificación de la sentencia, presentar una moción de reconsideración de la resolución, orden o sentencia.*

**4.** La enmienda en síntesis establece que: primero, decretado el divorcio por cualquiera de las causales del artículo 96 del Código Civil; segundo, cualquiera de los ex-cónyuges; tercero, que no cuente con medios suficientes para vivir; cuarto, el tribunal podrá asignarle alimentos discrecionales de los ingresos, rentas, sueldos o bienes que sean de la propiedad del otro cónyuge. Además añade una lista de circunstancias que el tribunal puede tomar en cuenta.

**5.** En el texto del artículo dice mujer, pero antes de la enmienda del 1995, ya el Tribunal Supremo en 1981 había resuelto que este precepto extiende su protección tanto al hombre como a la mujer. *Milán Rodríguez v. Muñoz,* 110 D.P.R. 610, 617 (1981).

**6.** Hernández Colón, Rafael, *Manual de Derecho Procesal Civil,* 2da. Ed. Equity Publishing, New Hampshire, 1981, pág. 303.

**7.** Cuevas Segarra, José, *Práctica Procesal Puertorriqueña,* Procedimiento Civil, **Publicaciones JTS,** San Juan. 1988, pág. 267.